IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 17, 2010

## YOLANDA D. BAREFIELD v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2008-I-777     Mark J. Fishburn, Judge**

**No. M2009-01319-CCA-R3-PC - Filed May 20, 2010**

The *pro se* petitioner, Yolanda D. Barefield, appeals the summary dismissal of her petition for post-conviction relief. On appeal, she alleges that she entered an involuntary guilty plea due to the ineffective assistance of counsel. After careful review, we remand to the trial court for appointment of counsel and a hearing regarding the issue of whether the petitioner received ineffective assistance of counsel with regard to her guilty plea to felony escape.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Yolanda D. Barefield, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Rob McGuire, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On July 29, 2008, the petitioner entered a guilty plea to one count of felony escape, a Class E felony, as charged. Pursuant to the plea agreement, the petitioner was sentenced as a Range I, standard offender to one year in the workhouse, with the sentence to be served consecutively to the sentence she was serving when she was charged with escape. She filed a *pro se* post-conviction petition on April 21, 2009, which alleged that she was advised by counsel that she would receive a misdemeanor charge for escape and, further, that she would not have agreed to enter a plea had she been advised that the conviction was a felony. She also argued that she was improperly held in segregation in the prison and that the staff of the Tennessee Prison for Women purposely withheld her legal paperwork. The petitioner also

contends that her TOMIS records do not accurately reflect the sentence she received.

On May 19, 2009, the post-conviction court entered an order summarily dismissing the petition and issued findings that the issues raised by the petitioner were not appropriately addressed by post-conviction. The petitioner filed a notice of appeal on June 18, 2009.

## Analysis

The post-conviction judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). Those findings of fact are afforded the weight of a jury verdict, and this court is bound by the findings unless the evidence in the record preponderates against those findings. *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This court may neither reweigh nor reevaluate the evidence or substitute its inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

Here, the trial court concluded that the issues raised by the petitioner in her post-conviction petition were not appropriately raised in a post-conviction petition. We agree that some of the issues raised were not proper for post-conviction, specifically, the issues pertaining to her stay in the Tennessee Prison for Women. However, the issue of whether she received effective assistance of counsel is appropriate for post-conviction.

On appeal, the State accredits the petitioner's contention that the post-conviction court erred in summarily dismissing the petition for post-conviction relief because the petitioner would be entitled to relief if the allegations in the petition were taken as true. The petitioner contends that she would not have pled guilty had she been advised she was pleading guilty to felony escape. However, we do not have a transcript of the guilty plea hearing to review what transpired when the plea was entered.

## Conclusion

The petitioner has raised the issues of ineffective assistance of counsel and an involuntary guilty plea, issues which are appropriately addressed in the post-conviction setting. As such, the post-conviction court should have appointed counsel and afforded the petitioner an opportunity to establish her claims. Based on the foregoing and the record as a whole, we remand this issue to the post-conviction court for appointment of counsel and a hearing on the issue of ineffective assistance of counsel with regard to the entry of the

guilty plea.

_____
JOHN EVERETT WILLIAMS, JUDGE